UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JAMES COOLEY,

      Petitioner,

v.

FABIAN LaVIGNE, warden,

      Respondent.
_____/

Case No. 1:03-CV-883

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Petitioner Willie James Cooley's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 29, 2005 ("Report"), which recommended a denial of Petitioner's writ of *habeas corpus*. This Court now reviews the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      On November 23, 1998, a jury convicted Petitioner of first-degree premeditated murder in violation of Michigan Compiled Laws § 750.316. On January 7, 1999, Petitioner was sentenced to a term of life imprisonment without the possibility of parole. Petitioner appealed his conviction to the Michigan Court of Appeals and argued that there was insufficient evidence to demonstrate premeditation and deliberation and that his trial counsel was constitutionally deficient in developing his intoxication defense. The Michigan Court of Appeals rejected Petitioner's arguments and affirmed his conviction on May 19, 2000. Petitioner sought leave to appeal to the Michigan Supreme Court on the same grounds, which was summarily denied on December 27, 2000.

      Petitioner's writ of *habeas corpus* raises four bases for constitutional error as he argues: (1) there was insufficient evidence to support a conviction of first-degree murder; (2) the trial court's

jury instructions were erroneous in light of his intoxication; (3) his trial counsel was constitutionally deficient; and (4) his appellate counsel was constitutionally deficient. The Report recommends the petition be denied as each claim is without merit. Petitioner objects to the Report on two grounds, essentially restating his claims challenging the sufficiency of the evidence and that his trial counsel was constitutionally deficient.[1]

Petitioner claims the Report is in error because the facts referenced by the Report suggest he killed in the heat of passion. Specifically, Petitioner contends that because he shot the victim after she was likely dead suggests Petitioner was in a heated state, as he claims his victim tried to kill him first. When a habeas petitioner challenges the sufficiency of the evidence supporting his conviction under 28 U.S.C. § 2254, the Court will deny the petition if "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). While Petitioner offered a plausible theory, albeit an unlikely one, rational jurors were free to disbelieve Petitioner because no evidence of self-defense was ever recovered.[2] It appears, as evidenced by his conviction, the jury did just that. Petitioner's proffered defense that he was provoked and impassioned was simply not credible to a jury and the Court will not quarrel with that finding. *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

---

[1] For reasons unknown, Petitioner titled his second objection as "Adequacy of The Intoxication Instruction." After review, it is clear to the Court that Petitioner's objection is on grounds of ineffective assistance of counsel.

[2] Petitioner's theory of self-defense was that the victim shot a gun at him. No bullet holes nor shell casings were ever discovered at the crime scene.

Petitioner also avers that the Report's mis-characterization of his dispute with the victim as an argument in someway undermines the sufficiency of his conviction. Even granting Petitioner this charitable interpretation of the record, such a leap would only undo his motivation for the killing—leaving his calculating and deliberate mental state unaffected. Thus, the Court finds Petitioner's sufficiency objection is without merit and will be denied.

Petitioner's second objection is that because his trial counsel failed to call witnesses evidencing his intoxication, he was denied counsel as guaranteed by the Constitution. In order to show ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) his counsel's deficient performance prejudiced Petitioner so as to result in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

After review, the Court finds that Petitioner's counsel did not render a constitutionally deficient performance. Defense counsel's decision not to call witnesses supporting Petitioner's intoxication defense was clearly a strategic decision, and was an entirely reasonable one since evidence that Petitioner had been drinking all day was already before the jury. A tactical decision not to present cumulative evidence is certainly reasonable. Furthermore, the intoxication witnesses are all related to Petitioner and, as the Report correctly observed, a reasonable attorney could have well concluded that these witnesses both would appear biased and would undermine Petitioner's own credibility. (Report at 28). Petitioner cannot demonstrate that his counsel's performance was

anything but a reasonable exercise of trial strategy, and therefore, the Court finds that Petitioner's second objection is without merit.

Therefore, for the reasons stated in the Report and this Opinion, Petitioner's writ of *habeas corpus* shall be denied. A Final Order consistent with this Opinion shall issue.


Dated in Kalamazoo, MI:              /s/Richard Alan Enslen
November 28, 2005                      Richard Alan Enslen
                                                  Senior United States District Judge