UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| WILLIE JAMES COOLEY, ) | |
| ) | |
| Petitioner, ) | Case No. 1:03-cv-883 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| FABIAN LaVIGNE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

### ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On November 28, 2005, the Court entered an order summarily dismissing the petition. The order of dismissal followed the Court's *de novo* review of Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner has now filed a notice of appeal and a motion for leave to proceed *in forma pauperis* on appeal.

Sixth Circuit Internal Operating Procedure 5.1 provides that a $250.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). According to a certified copy of his prison trust account statement, Petitioner has a current balance of $634.63. Because Petitioner had adequate funds in his account to pay the appellate filing fee, his motion for leave to proceed *in forma pauperis* on appeal will be denied. Petitioner has thirty days from the date of entry of this Order to pay the entire filing fee for appealing

a civil action, which is $255.00, to the Clerk of this Court. Petitioner's failure to comply with this Order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

A second issue is whether this Court should grant a certificate of appealability. The Sixth Circuit has determined that Rule 22 of the Federal Rules of Appellate Procedure requires a petitioner appealing the denial of a § 2254 petition to apply first to the district court for a certificate of appealability. *Kincade*, 117 F.3d at 953. Further, under the recently amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Therefore:

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* on appeal (Dkt. No. 40) is **DENIED**. Petitioner has thirty days from the date of entry of this Order to pay the $255.00 appellate filing fee to the Clerk of this Court. Petitioner's failure to comply with this Order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 21, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**