UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JAMES COOLEY,
        Petitioner,

No. 1:03-cv-883

-v-

HONORABLE PAUL L. MALONEY

FABIAN LAVIGNE,
        Respondent.

OPINION AND ORDER TRANSFERRING TO THE SIXTH CIRCUIT COURT OF APPEALS
PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the court on Petitioner Cooley's motion for relief from judgment, filed under Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 45.)

Petitioner was convicted by a jury of first-degree premeditated murder in 1998 and was sentenced to life without parole in 1999 by the Kent County Circuit Court. Petitioner filed a direct appeal with the Michigan Court of Appeals. The court affirmed Petitioner's conviction through an unpublished opinion issued May 19, 2000. The Michigan Supreme Court denied Petitioner leave to appeal on December 27, 2000. On July 5, 2001, Petitioner filed a pro per motion for relief from judgment with the Kent County Circuit Court. The court denied the motion on December 11, 2001. The Michigan Court of Appeals denied Petitioner leave to appeal on March 20, 2003. The Michigan Supreme Court denied Petitioner leave to appeal on September 29, 2003.

Petitioner next turned to federal court for habeas relief. In December 2003, Petitioner filed a petition for writ of habeas corpus under section 2254 in this court. On July 29, 2005, the magistrate judge issued a report recommending the petition be dismissed. (Dkt. No. 34.) Petitioner filed objections. (Dkt. No. 35.) Judge Richard Enslen, then presiding over the action, issued an order adopting the report over objections and dismissed the action on November 28, 2005. (Dkt.

No. 37 - Opinion; Dkt. No. 38 - Order.) Petitioner filed an appeal with the Sixth Circuit Court of Appeals. This court denied Petitioner a certificate of appealability on February 21, 2006. (Dkt. No. 41.) On October 4, 2006, the Sixth Circuit declined to issue Petitioner a certificate of appealability. (Dkt. No. 42.) The United States Supreme Court denied Petitioner's petition for writ of certiorari on March 30, 2007. (Dkt. No. 44.) Almost three years later, Petitioner files this motion for relief from judgment.

## LEGAL FRAMEWORK

A party may file a motion for relief from a judgment or order under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) avoid judgment; (5) satisfaction, release, discharge, reversal or vacation of the judgment; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-543 (6th Cir. 2004). A court may grant relief under Rule 60(b)(6) only "when it determines in its sound discretion that substantial justice would be served." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). "Such relief, however, should be applied 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses.'" *Id.* (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits the number of habeas petitions a prisoner may file. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28

U.S.C. § 2244(b)(1). Furthermore, before a district court may consider a second or successive application, the Petitioner must move, in the appropriate court of appeals, for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The United States Supreme Court has provided guidance for district courts concerning the interaction between Rule 60(b) and the AEDPA's limitation on second or successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). Where the purported Rule 60(b) motion asserts a federal basis for relief from a state court's judgment of conviction, the motion is properly considered a second or successive habeas petition. *Id.* at 530, 532. However, where "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533. When a district court concludes a motion filed in a habeas action is a second or successive habeas petition, the court shall transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

ANALYSIS

Petitioner's motion is properly considered a second or successive habeas petition. The judgment from which Petitioner seeks relief is the opinion and order denying his petition for habeas relief, which substantively addressed federal grounds for setting aside his state conviction. Furthermore, the instant motion asserts a new substantive ground for relief from Petitioner's state court conviction. Although not a model of clarity, the court interprets Petitioner's motion to claim, for the first time on either direct appeal or post conviction relief, that Michigan's open murder statute is vague, which resulted in subjecting him to double jeopardy. Such a claim, although

3

couched as a fraud by this court, does not allege a defect in the integrity of the federal habeas proceedings. *See Gonzalez*, 545 U.S. 531; *Willie v. Jones*, 329 F.App'x 7, 13-14 (6th Cir. 2009). "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. 531. Because this motion raises a new "claim," it is not properly brought under Rule 60(b). *See Mitchell v. Rees*, 261 F.App'x 825, 829 (6th Cir. 2008).

## CONCLUSION

Because Petitioner's motion for relief raises a new substantive claim which, if established, might entitle him to relief from his state court conviction, the motion is properly considered a second or successive habeas petition. Accordingly, this court lacks jurisdiction to consider the motion and the motion must be transferred to the Sixth Circuit Court of Appeals.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED THAT** Petitioner Cooley's motion (Dkt. No.45) for relief from judgment be **TRANSFERRED** to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, for consideration as an application to file a second or successive petition for habeas corpus relief.

Date:   March 3, 2010                               /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    Chief United States District Judge